CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 14 2018
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARLA C. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17cv00087 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CITY OF DANVILLE, et al., | ) | By: Hon. Jackson L. Kiser |
| | ) |     Senior United States District Judge |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Dismiss ("the Motion"). [ECF No. 22.] A notice was mailed to Plaintiff Carla Stevens, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising her that failure to respond to the Motion may result in dismissal of her action. She did not file any response. Nevertheless, the matter was set for oral argument on August 9, 2018. Counsel for Defendants was present, but Plaintiff failed to appear. For the reasons stated on the record at that hearing and set forth more fully herein, Defendants' Motion to Dismiss is deemed unopposed and well-taken and will be granted.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Plaintiff Carla C. Stevens, who is proceeding *pro se*, filed her Complaint alleging various constitutional violations arising from a search warrant executed on December 22, 2017, on a property she presumably owns or rents. She named the City of Danville; Phillip A. Broadfoot, Chief of Police; and Sameul C. Bray, Investigator, as defendants. Finding numerous facial deficiencies in her Complaint, I denied her application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nevertheless, Plaintiff tendered the requisite filing fee and filed an Amended Complaint on January 16, 2018.

Plaintiff appears to have attempted to serve Defendants, but proper service was never achieved. [See ECF Nos. 7–9, 11–13, 21.] Despite several failed attempts to serve Defendants, Defendants waived service and filed the present Motion on June 8, 2018. That same day, the Clerk sent Plaintiff a notice which stated, in part:

> If Plaintiff does not respond to Defendants' pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendants state in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . <u>[I]f Plaintiff does not file some response within the fourteen (14) day period, the Court may dismiss the case for failure to prosecute</u>.

[ECF No. 24.] Also on June 8, Plaintiff was mailed a copy of the Court's Pretrial Order, which stated, in part:

> Briefs in opposition must be filed within 14 days of the date of service of the movant's brief (or within 14 days of the date of service of the movant's brief . . . . **EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION IS WELL TAKEN.**

[ECF No. 26.] Despite these warnings, Plaintiff did not file a response to the Motion.

A hearing on the Motion was set for August 9, 2018. An appropriate Notice was mailed to Plaintiff on June 25. [ECF Nos. 28–29.] Plaintiff did not appear at the hearing.

## II. STANDARD OF REVIEW

Plaintiff, who is proceeding *pro se*, is entitled to a certain level of deference in her pleadings by virtue of her status as an unrepresented litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the requirement of liberal construction [of pleadings for *pro se* parties] does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim . . . ." Knowles v. S. C.D.C., No. 2:09-1921-MBS, 2010 WL 2990157, at *3 (D.S.C. July 29, 2010).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, I must accept all factual allegations in the complaint as true. Id. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff has repeatedly ignored this Court's warnings that her failure to respond to Defendants' Motion to Dismiss could, and likely would, result in the dismissal of her action. She was cautioned, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that her failure to oppose a motion to dismiss could result in dismissal of her action. Moreover, I specifically warned her that her failure to respond would lead me to conclude that Defendants' Motion was well taken. Her complete lack of response to any of this Court's missives leaves me with one conclusion: Plaintiff has lost interest in this case and consents to its dismissal.

If I were to reach the merits of Defendants' Motion, there is no basis for this case to proceed. Plaintiff appears to allege that a search warrant was improperly executed on a home she owned or rented, even though she was not the target of the investigation. She asserts that three individuals (not her) were mistreated during the search, and that a fourth individual (possibly her), who was not present when the search warrant was executed, has nightmares that such a search might occur again. It is unclear whether Plaintiff was even present at the time of the search. Additionally, she asserts in conclusory fashion that the search warrant was procured through the false testimony of Defendant Bray.

Plaintiff has no standing to challenge the treatment of third parties, and she has failed to allege any injury sufficient to confer standing on her to sue. See generally Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). At its most generous, Plaintiff's Complaint can be read as challenging a search on a property she possibly owns or rents when she may or may not have been present. She fails to allege an injury or a property interest sufficient to establish her standing to sue or put forth any *facts* to suggest the warrant was invalid or even marginally compromised. Her Amended Complaint is fatally deficient and will be dismissed

## IV. CONCLUSION

Plaintiff's abandonment of her claims warrants dismissal. Were she to have defended her pleadings, however, dismissal would still be appropriate. Accordingly, Defendants' Motion to Dismiss will be granted.

- 4 -

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

**ENTERED** this 14th day of August, 2018.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE